J-S65016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER EUGENE MUMMERT | : | |
| | : | |
| Appellant | : | No. 380 MDA 2019 |

Appeal from the Judgment of Sentence Entered, January 17, 2019,
in the Court of Common Pleas of Adams County,
Criminal Division at No(s): CP-01-CR-0000446-2018.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED FEBRUARY 14, 2020**

Tyler Eugene Mummert appeals from the judgment of sentence entered after a jury found him guilty of burglary and conspiracy to commit burglary, claiming that the evidence was insufficient to sustain these convictions. Upon review, we affirm.[1]

The trial court set forth a detailed summary of the testimony in this case. Briefly, on March 23, 2018, Andrew Hempfing, the victim, was at a bar in East Berlin, Pennsylvania. Mummert was there with Matthew Winand and Andrew Hoff. Winand and Hempfing previously knew each other and had had a "misunderstanding" regarding Hempfing's wife. Hempfing verbally

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3502(a)(1)(i) and § 903(a)(1).

confronted Winand about it which then turned into a physical altercation.  As a result, Hempfing was ejected from the bar.

After arriving home, Hempfing proceeded to call out Winand on Facebook, posting in part:  "hey Matt Winand, you crack head mother f----r. . . I will see you someday soon when I have a little bit more room to swing."  A little later Hempfing received a call from Winand, telling Hempfing "we're on our way."  Hempfing replied, "ain't no we about it . . .  I'll see you tomorrow or another day."  Hempfing then told his wife what happened; Hempfing reported the situation to the police.  Hempfing then went to bed with his wife.

Meanwhile, Mummert, Winand, and Hoff left the bar and went to Hoff's house where they continued to drink.  After Winand and Mummert saw the Facebook post, the men decided to go to Hempfing's house.  Mummert drove, and Winand gave him directions.  Mummert claims that Winand confirmed to him that Hempfing was aware that they were coming.

Around 3:30 a.m., the three men arrived at Hempfing's house.  They barged in through the front door, without knocking or announcing themselves.  They immediately stormed up the steps to Hempfing's bedroom.  They kicked open the latched bedroom door and entered the room.  Winand tackled Hempfing and a struggle ensued.  Mummert hit Hempfing multiple times primarily in Hempfing's head, ear, and nose.  As a result, Hempfing suffered numerous bruises and cuts, a bloody nose, a chipped tooth, and laceration to his ear.  When Hempfing's father came downstairs from his room in the attic,

Hoff told him "your boy f----d with the wrong ones" referring to himself, Winand and Mummert. The three men then fled from the house.

All three men were later arrested and charged.

The jury convicted Mummert of burglary, criminal conspiracy to commit burglary, and simple assault. Additionally, the trial court found Mummert guilty of summary harassment. The trial court sentenced Mummert to 18 months to 4 years of incarceration on the burglary conviction and a consecutive 3 year term of probation on the conspiracy conviction.[2] No post-sentence motion was filed.

Mummert timely appealed.

Preliminarily, we must address an issue related to Mummert's concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 19, 2019, the trial court ordered Mummert to file the statement within 21 days of date of distribution of the order. The order was served on counsel for Mummert on February 21, 2019 via email. Therefore, the statement was due on March 11, 2019. On March 17, 2019, counsel for Mummert informed the court that she had never received the order. The trial court confirmed with the IT department that the order in fact had been delivered to counsel's email address. The trial court directed counsel to file the concise statement as soon as possible, effectively granting him *nunc pro*

---

[2] The simple assault and harassment convictions merged with the burglary charge.

*tunc* relief. Mummert filed his statement on March 22, 2019. The trial court addressed the issues raised in his statement.

Although technically Mummert's 1925(b) statement was untimely, we decline to find waiver based upon the trial court's grant of additional time. Therefore, we will address the merits of his appeal.

Mummert raises a single issue on appeal, which we have summarized as follows:

> 1. Whether the Commonwealth failed to present sufficient evidence to convict Mummert of burglary and conspiracy to commit burglary when Mummert had no motive and Mummert and the co-defendant were invitees at the victim's home.

**See** Mummert's Brief at 6.

Mummert's issue relates to sufficiency of the evidence. A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Jacoby**, 170 A.3d 1065, 1076 (Pa. 2017). When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt." **Commonwealth v. Thomas**, 215 A.3d 36, 40 (Pa. 2019). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant." **Commonwealth v. Hopkins**, 67

A.3d 817, 820 (Pa. Super. 2013). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Commonwealth v. Brown***, 52 A.3d 320, 323 (Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Commonwealth v. Vargas***, 108 A.3d 858, 867 (Pa. Super. 2014) (*en banc*). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." ***Id***.

Mummert first claims that the evidence was insufficient to sustain his conviction for burglary. Specifically, Mummert argues that he was an invitee because Hempfing told Winand, "U know where I reside, don't be shy," and he believed Hempfing was expecting them. Additionally, he argues that he had no stake in the matter; in fact, he tried to break up the fight at Hempfing's. Mummert's Brief at 14, 18.

> The offense of burglary, in pertinent part, is defined as follows:
>
> A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
> (1)(i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein;

18 Pa.C.S.A. § 3502(a)(1)(i). "It is a defense to prosecution for burglary if any of the following exists at the time of the commission of the offense: The

actor is licensed or privileged to enter." 18 Pa.C.S.A. § 3502(b)(3). "Under this section, a person who is licensed or privileged to enter the premises is not a burglar even though he intends to commit a crime therein." *Commonwealth v. Corbin*, 447 A.2d 308, 309 (Pa. Super. 1982).

Based upon our review of the record, we conclude that there was sufficient evidence to convict Mummert of burglary. It is clear that Mummert, along with the other two men, entered Hempfing's home intending to beat him up.

And, although Mummert claims he was invited to Hempfing's house and believed Hempfing was expecting them, the record clearly belies this.

When Winand called Hempfing and told him "we are on our way," Hempfing responded, "Ain't no we about it"... "tomorrow or another day." Hempfing then went to bed, dressed only in his boxers, with his wife. His wife also testified that they were not expecting any visitors. The two fell asleep.

When Mummert and his accomplices arrived at Hempfing's house, they did not conduct themselves as invitees. The three men entered the home through the closed front door without knocking or announcing themselves. They immediately stormed upstairs to Hempfing's bedroom. They awakened Hempfing, who said they sounded like a herd of elephants. The sound also woke his wife and four-year old daughter. They kicked in the latched bedroom door, entered the room, and attacked Hempfing. Viewing this evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to sustain Mummert's conviction for burglary.

Mummert also claims that the evidence was insufficient to sustain his conviction for conspiracy to commit burglary. In support of this argument, Mummert only argues that, because Winand told him Hempfing knew they were coming, he was not a conspirator to the burglary. *See* Mummert's Brief generally, and at 17.

In pertinent part, conspiracy is defined as follows:

**(a) Definition of conspiracy.—**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

\*\*\*

**(e) Overt act.—**No person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

18 Pa.C.S.A. § 903. Simplified, this requires proof of three elements: 1) an agreement, 2) shared criminal intent, and 3) an overt act. *See Commonwealth v. Murphy*, 795 A.2d 1025, 1037–38 (Pa. Super. 2002). Moreover, the conspiratorial agreement and shared criminal intent may be proven by circumstantial evidence. As we have stated:

An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred

- 7 -

where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators taken in furtherance of the conspiracy.

*Id.* at 1038 (quoting **Commonwealth v. Johnson**, 719 A.2d 778, 784–85 (Pa. Super. 1998) (*en banc*)), **appeal denied**, 739 A.2d 1056 (Pa. 1999) (citations and internal quotations omitted).

As discussed above, the circumstances of that evening demonstrated that Mummert and his accomplices knew they were not invited. While they were at Hoff's house, they jointly decided to go to Hempfing's house. Mummert drove the other two men, which shows his intent to participate. Again, their conduct, once they arrived, was not like guests. Thus, viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to sustain Mummert's conviction for conspiracy to commit burglary.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/14/2020